Good morning, Your Honors. May it please the Court, I'm Ina Lipkin on behalf of the Petitioner, Gursharanjit Singh. Mr. Singh contends that the IJ and then the board erred by failing to find that a remand order requesting that an IJ make an explicit credibility finding would preclude the Petitioner from submitting additional evidence. In this case the IJ erred in failing to make an explicit credibility finding, and the IJ erred in failing to allow the Petitioner to present a psychological report that might have corroborated some of his claims regarding memory problems. Do we have – I know this isn't governed by the Federal Rules of Evidence, but if we were in district court we'd have some sort of offer of proof about what the psychological report would say. Do we have that? We don't, and there's really nothing that would indicate that the Petitioner is required to submit something in advance to the IJ. We don't have the report yet, because we want it to continue. That's right. But now we're several years later in this case, and you're asking us to remand so the report can be considered. I take it there's nothing in this record that lets us know what the report would say. There isn't, Your Honor. And the Board erred by speculating that the Petitioner was claiming that he was incompetent and he needed a report to corroborate that. But he never claimed that. He claimed that a psychological report was required to buttress his contentions as to why he may have been inconsistent in some respects. How long had the proceedings been pending at the time that the IJ denied the continuance? Offhand, I think a year or two. I'm not sure, Your Honor. And had Mr. Simkin represented throughout? Yes. In order to find reversible error here, if you will, we're going to have to find that the IJ abused, I forget whether it was a man or a woman in this case, the IJ abused his discretion by refusing the continuance? Well, that's the Petitioner's argument. Had he known or counsel of a Petitioner known that a report was required in advance, I'm sure that arrangements would have been made. But the need for the report only presented itself later on. And immediately after that issue appeared, counsel had requested the continuance. Can you talk about the adverse credibility findings in this case? This is we've had two sets of proceedings in this case, and it doesn't seem that your client has a good record of persuading IJs about its credibility.  Well, Your Honor, because on its second go-around, the IJ failed to follow this Court's instructions. The Court remanded to the board stating the IJ needs to make, quote, an explicit credibility finding, unquote. And instead of doing that, the IJ just really relied on the previous. The real question is, it's not really an abuse of discretion on the continuance as much as the fact that the IJ interpreted our order as precluding him from taking additional evidence. That is one of our major arguments. Matter of MD is cited in the brief. So I don't know. Just for myself, I can say I think that is probably an erroneous ruling. He probably could have taken more evidence. Judge Hurwitz asked if our ruling should depend on whether you actually had more evidence, or then you get, if you didn't have it, should there have been a continuance. But basically, he said, I don't care what you've got, whether you're going to get it, this is not open to taking more evidence. So if that ruling was wrong, then what? Where are we? Does it then, should we then take into account the fact that you didn't actually have the evidence? Then you get to the question, well, should you have been permitted to get more evidence when you had an adequate opportunity to get it previously? I'm not sure we go beyond the first question, which is, is he wrong in saying this is the kind of proceeding where new evidence can't be presented? But that seems to me to be the issue. And I'm interested in whether the government agrees that there are, with the IJ, that what we did was to remand on the old record and say no new evidence could be introduced. You know, Your Honor, that's a good question, and I would bring up an analogy. What if, for example, this Petitioner was eligible to adjust his status, you know, married a U.S. citizen or something of that nature, and right before the hearing he got married and, let's say, an alien petition, Form I-130, was filed on his behalf. Matter of MD would indicate that under those circumstances a continuance would be warranted and that the record does not preclude an IJ from considering new evidence such as alternative relief. Well, in this case, the Petitioner contends that a psychological report that might have shed light on the basis for perhaps some of his inconsistent testimony, which would then help his argument regarding credibility, that's the same sort of new evidence that the IJ is permitted to consider. It's slightly different in my mind, and I take Judge Reinhart's point that this isn't what the judge may have done. But you showed up in front of the judge and said, we'd like more time because we want to get a psychological report, which might help, and the judge said no. Now, the judge may have said no for the wrong reason, but that's different than showing up with evidence of something that happened, like a marriage, and say, please, take this into account, isn't it? Well, I mean, it depends, you know. You can change that argument so many ways. What if he got married the week before the hearing, you know? Oh, no, but I'm saying in the analogy you give us, it doesn't help me much because you have a new fact, and it's a fact of consequence, and you want the IJ to take it into account. Here you're saying, I'm hoping to develop some facts of consequence, and so I'd like the hearing delayed so I can do so. The IJ may have thought he was powerless to give you that continuance. That's a separate issue. But it strikes me as quite different than having new evidence. It may or may not be a separate issue. That's something we can battle out. But the IJ didn't really rule on the question of whether he would give a continuance because he thought that you couldn't, no matter whether you have it or could get it, couldn't consider it. So I don't know how he would have exercised his discretion to give a continuance if he thought it made a difference. And it was a she in this case, so I apologize. Can you address Judge Reinhart's question, which is did our remand allow additional evidence to be introduced? Absolutely. And as we cite in our brief, there are not just one or two, but a multitude of cases in which both the Ninth Circuit and the BIA has found that a remand is open for new evidence to be introduced unless explicitly curtailed not to. I've seen many orders that are very explicit only stating that the remand is for this one purpose or another. But here the terminology used was very clear for a new and explicit credibility finding. And, of course, a credibility finding often hinges on new evidence. Putting that aside, put aside the new evidence, what's wrong with the credibility finding here? Well, the IJ did not consider the fact that this is a pre-real ID case. It has to go to the heart of the claim. Right. And as such, A, minor and trivial inconsistencies do not warrant an adverse credibility finding, and we argued those in the brief. And number two, the IJ had found that the Respondent had established past persecution on an enumerated ground, and the Petitioner had cited so many examples that the Indian and Palestinian activities, which really constitutes persecution on an imputed political opinion. Ms. Huffington, I'd like to ask you a question the government doesn't raise, but I've over the years have seen a number of these Sikh cases from India, and I'm quite convinced that there is no persecution of Sikhs in India today. And isn't the bottom line in this, it's got to turn out, if we keep sending it back and you go through the motions, in the end, there is no persecution of a Sikh in India. So why should he get refuge? Well, Your Honor, I would disagree with that. Going to court on a weekly basis, we have plenty of cases granted. I know I'm asking something beyond the regular point. Why do you think Sikhs are persecuted in India? I think because of the air of impunity and corruption in the Indian security forces, that persecution of Sikhs is a reality. The government in India is led by the Congress Party, which opposes the Sikh-supported Shiromani Akali Dalman Party, and there are still numerous instances of arrest and beatings of people who advocate for the Shiromani Akali Dalman Party. And if a remand in this case was granted, Petitioner would most certainly submit current country conditions corroborating that. Thank you, counsel. Good morning. I'm Erica Miles for Attorney General Holder. To address the issue, I would call them issues, regarding the immigration judge on remand, how he viewed the request for a continuance for a further hearing. This is a situation where it's a request for a continuance that was presented to the immigration judge because there was no evidence that day provided. It was a request to go and get that evidence four years later on remand. If it had been a question more about the scope of remand, scope of review on remand and what evidence could be considered, the only way an immigration judge could consider new evidence outside of the record is through the equivalent of a motion to reopen. It has to be proffered right there. And again, this wasn't a motion to reopen because the evidence wasn't there. So the government's position there, although you're not asserting what the government told the judge, you're asserting quite the opposite. And as you know, I think it's not generally looked on with favor when the government comes into court and says one thing to a judge and then comes in later and says the opposite. No. If you look at the board's decision here. No, I'm looking at what the government said. That's what we're talking about. What the government said at when, excuse me. To the immigration judge. When they had this dispute about whether he could get more evidence. Yes. The government said that the government's position to the immigration judge was that the immigration judge could not consider it under the scope of review on remand. This is true. Could not take new evidence whether he had it there or he needed a week or a month to get it. Yes. It didn't matter, they told the judge, because the judge couldn't take new evidence. That's what DHS said. And the immigration judge said that, you know, the remand order asked for a new decision to give an explicit credibility finding. So while the immigration judge did find that he did not. The immigration judge agreed with the government, what the government represented to him. Essentially, but even if that was erroneous, it's harmless because the board looked at it through the correct lens. Petitioner presented it. The board didn't have the evidence because it was excluded. The board's never had. Nobody's ever had the evidence and we still don't have the evidence. And that's the point. It doesn't matter. The question is, did the immigration judge err in excluding the evidence on the grounds that he couldn't take new evidence or did he? I think it's a he. Lawrence DeCostanzo. I think Lawrence is typically a male name. I'm assuming he's male. All the immigration judges are named Pats. It's hard to know. But that's a pretty specific question. The government argued it. It's not a frivolous argument. The I.J. accepted it. Was the argument correct? Was the I.J. precluded from expanding the record? Our position is you don't need to answer that because what actually happened was not. When you're asked a question. Sure. Yes. You don't have to tell us there's no need to ask the question. If we think there's a need to ask the question, your function is to answer it. The immigration judge under the reason did not err, I would say, because it would need to be in the form of a motion to reopen in order to take new evidence. And for it to be a motion to reopen, this was the second. By the way, just to clarify, this was the second hearing on remand. Right. So it didn't come up at the first hearing. It comes up at the second hearing. And if the immigration judge to take new evidence on remand, to take further jurisdiction over issues that are at issue or a new issue like the hypothetical with adjustment of status, for example, it would have to be a motion to reopen. You're arguing that the government was correct. I mean, that's fine. You have every right to argue that the government was correct. But the question I think we were trying to get you to answer is, is that the government's position that there couldn't be any more evidence introduced, and did the judge accept that position? And if so, is it correct? Now, you're arguing the third question, which is, yes, that's what the judge did, but he was correct and the government was correct. My position is the immigration judge may. The immigration judge does have jurisdiction when a case is remanded to consider new evidence. That's permissible. But a motion to reopen has to be filed. Yes. So the second part is that it doesn't have to be filed, so it's not as procedurally technical as that. But it has to be the equivalent of evidence that would suffice for a motion to reopen. Okay. So now you have to have the evidence. It has to be relevant. It has to be previously unavailable. And you have to show, and here, you have to show also that it could actually, you know, bolster the case. We have no proffer of what the evidence is. None of those things, of course. It wasn't a motion to reopen. None of those things, of course, are what the government argued to the immigration judge. What the government argued was quite different. The government argued that there is no authority to reopen, no matter whether it was reopened with a motion or with a camel, no matter what, that he, under this proceeding, the government told him, and he agreed, could new evidence be introduced. Well, the immigration judge here agreed to that, agreed that the court's order was to open with the request in front of him, essentially, which was a continuance request. So on the scenario presented to the immigration judge, the immigration judge did not err in saying that he cannot entertain new evidence that has not yet to be obtained, proffered for what it is, what it could be, how it could help four years later. So let me ask a different question then, because this is a case in which nobody moved, nobody sought to introduce new evidence. What they sought was a continuance to obtain new evidence. Yes. But put aside whatever the Ninth Circuit said in its first remand, how is, how is that entertain, how should that be entertained? The request to introduce new evidence? The request, Your Honor, I think there's another witness out there. Uh-huh. We discovered him. We can't present him today because we want to go find him. We'd like a one-week continuance or two-week continuance to go find him. Take it out of this context. How does the, may the I.J., the I.J., I take it, can expand the record under those circumstances? The I.J. could, but again, it would need to be evidence that would suffice to grant a motion to reopen. So again, the I.J. would have to consider, you know, what was this, was this evidence previously available, what level of diligence was exercised in trying to get the evidence to the court? Is it relevant? Is it material? Can it really help? Right. If an I.J. had gone through all that, I think there would be no, no issue on appeal for us to look at. Now let's move it back to this case. The I.J. doesn't go through any of that because the government says you're not allowed to. The Ninth Circuit told you to do one thing, which is make a credibility finding. Otherwise, the record is closed and the I.J. says, I agree. Was that wrong? It was not wrong because of the scenario that was presented. It might, it might not be the most thorough decision, and there was an opportunity to appeal. And the board, the board addressed this saying, in the context of what you did was you presented a request for continuance to the immigration judge. And there is no prejudice here because you didn't obtain the evidence, you didn't provide a proffer, you didn't show how at all this may have affected the outcome of your proceedings. Okay. Now let me. And you have the board decision on review here. Let me ask, let me ask another question here. Could, I take it that, that the applicant in this case doesn't have the report yet. If the applicant found, went and got a report, could he file a motion to reopen? He could file a motion to reopen. And he could have, this is the point, the first immigration judge decision in 2002, specifically even mentions that he's provided no indication he has memory problems or issues, any mental deficiencies or defects. Then it went up to the board on appeal. So he's been on notice since 2002 that this type of issue, whether or not a report could be obtained to provide some insight into his psyche while he was testifying in 2002, he had the opportunity to obtain a report, submit it to the board on immigration judge. But they didn't. It came all the way up to this court. It was remanded in 2005. There was a hearing in front of the immigration judge in February of 2006. The attorney showed up, didn't proffer anything, didn't ask for a continuance, didn't ask to get a psychological evaluation at that hearing, waited until April 2006, and then asked for yet another continuance at that point. So nothing has ever been proffered. And so you don't have the evaluation, but you don't even have a proffer of what might happen as a result of that evaluation. What may come of that? How is that evaluation going to be relevant today in 2006 regarding how he was able to testify in 2002? There's so many unanswered questions here. There's absolutely no reason to continue. There were so many opportunities. We've used up all your time, but can you respond briefly on the sufficiency of the credibility findings, which is the issue, major issue this case got sent back on? Yes. The immigration judge's decision, you asked for an explicit credibility determination on remand. And this is explicit. It's coherent. There are several itemized reasons as to why the immigration judge found he lacked credibility. It passed as muster under the pre-real ID standards. You know, counsel said that the immigration judge didn't mention that it's pre-real ID standards, but that wasn't necessary. The case originated in 2002. The 2005 Real ID Act didn't exist then, so that was just a given at that point. But they go to the heart of the matter. Every aspect that he claimed about his political career, so aspects regarding when he joined the party and became active, the political party, how many rallies he attended, when the rallies were, which candidate he supported, which candidate won, every aspect, and the abuse, as well, that he suffered at the various detentions, every aspect of his bare-bones claim wasn't really brought out more than an outline. It has an inconsistency or an omission. So there's no coherent narrative, and the immigration judge outlined that it is a sufficient decision. Thank you, Your Honors. Thank you, counsel. I think I was out of time. Well, do you want a minute or two? You don't have to. One minute. All right. Okay. Well, Your Honors, first of all, I never said that the judge failed to make a mention it's a Real ID Act case, because obviously there wasn't a Real ID Act at the time. I said looking back now, the I.J. failed to take into consideration minor inconsistencies in terms of explaining any sort of inconsistencies. But I want to go back to the continuance issue. This case was already reopened by virtue of remand. There is nothing in the EOIR manual that says you have to file a motion to continue or say words to that effect to introduce new evidence on a remanded case. The record is open. This is a very important point that, first of all, wasn't brought up earlier, and second of all, it doesn't exist. Secondly, the government now alleges, well, maybe the I.J. didn't make the best decision, but the petitioner had his day in court by appealing to the board. Exactly. We're having our day in court, and we want this Court to review the I.J.'s failure to reopen that record. Although here's, again, here's what troubles me, and maybe it's not important. We're six years into the proceeding at this point, and on the day of the hearing, somebody shows up and says, Your Honor, I want to go out and find an expert. If I were the trial judge in a normal circumstance in that, I'd say too late. Maybe the trial judge said the wrong thing here, but we have no idea what prejudice you may or may not have suffered in this case because we don't know what the report might or might not have shown. And here we are another five years later saying, all right, let's go and find out what the expert's going to say. Well, we're here five years later because the government told the I.J. the wrong thing. Perhaps. We have no authority. Well, perhaps. I'm assigning. I guess if we're here busy assigning blame, I'm assigning it to both sides. Well, yeah. And had the I.J. exercised its discretion to deny a continuance on the grounds of state, I think everybody would have upheld them. I can't disagree with that. Thank you, Your Honor. Thank you. The case just argued will be submitted.
judges: Reinhardt, Noonan, Hurwitz